UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [DE 44] |
|---|---|

## I.     INTRODUCTION

On October 13, 2022, Plaintiff filed an Amended Complaint alleging copyright infringement and unjust enrichment against 10Q LLC, Propelr Music, LLC, Marriani Records, and Antoine Reed.

On December 23, 2022, Defendants Propelr Music, LLC, Marriani, Inc., and Antoine Reed filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** the moving parties from the action.

## II.     FACTUAL BACKGROUND

Plaintiff Taylor D. Pendleton is a freelance artist. Defendant Antoine Reed ("Reed") is a musician and a citizen of Cook County, Illinois. Reed records, writes, and performs his music throughout California. Defendant Marriani Records ("Marianni") is an Illinois music/record label with its principal place in Illinois. Defendant Propelr Music, LLC ("Propelr") is an Illinois music/record label with its principal place of business in Illinois. Defendants Marianni and Propelr conducted business in California as a music/record label. Defendant 10Q LLC ("10Q") is a California music/record label that is owned and operated by Propelr and has its principal place of business in California.

On May 31, 2016, Plaintiff shared some of her artworks with Reed on social media, hoping that Reed would request to work with her in the future. On June 15, 2016, Reed contacted Plaintiff and indicated that he wanted Plaintiff to create the cover art for his upcoming mixtape. By the end of June 2016, Plaintiff had sent Reed several different drafts for the album cover.

On August 31, 2020, Plaintiff saw that Reed's album had been released on several music streaming platforms and that it included one of her designs. Soon thereafter, Plaintiff reached out to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

Reed regarding the unauthorized use of her artwork. Reed indicated that he released the album in 2018 after it was leaked online earlier that year.

On December 14, 2020, Plaintiff contacted Marianni, Propelr, and 10Q (collectively, "the Label") to notify them of the unauthorized use of Plaintiff's artwork by them and Reed, their client. Plaintiff demanded that the Label, as the ones responsible for commercially distributing the album and displaying Plaintiff's artwork on its social media site, compensate Plaintiff for the unauthorized use of Plaintiff's artwork by them and Reed. Defendants denied Plaintiff's request for compensation.

## III.   JUDICIAL STANDARD

Pursuant to Rule 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court may consider the plaintiff's pleadings and any affidavits. *Caruth v. Int'l Psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1554 (9th Cir. 2006).

A party seeking to exert personal jurisdiction over a nonresident must satisfy the forum state's long-arm statute and comport with the requirements of due process. *Panavision Int'l, L.P. v. Toeppen*, 141 F. 3d 1316, 1320 (9th Cir. 1998). California's long-arm statute extends to the limits of the Constitution's due process clause. Cal. Civ. Proc. Code § 410.10. When evaluating personal jurisdiction, therefore, district courts in California need only ensure that the exercise of personal jurisdiction comports with federal due process. *See id.*

District courts may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

In general, dismissal for lack of personal jurisdiction is without prejudice because it is not a decision on the merits. *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (holding that the trial court erred in dismissing with prejudice plaintiff's complaint for lack of personal jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | | Date | January 20, 2023 |
|---|---|---|---|---|
| Title | ***Pendleton v. 10Q LLC et al*** | | | |

## IV.   DISCUSSION

The Illinois Defendants contend that the Court should dismiss them from the action. The Illinois Defendants argue that the Court does not have personal jurisdiction over them because: (1) none of the Illinois Defendants are residents of California or have any affiliations that are so "continuous and systematic" as to render them "at home" in California; (2) none of the alleged misconduct by any of the Illinois Defendants are connected to California; (3) none of the alleged misconduct by any of the Illinois Defendants was aimed at California; and (4) the album's online presence is insufficient to render the Illinois Defendant's subject to the Court's personal jurisdiction.

Based on a review of the Complaint, Moving Parties' arguments, and applicable law, it appears that at least some, if not all, of the arguments listed above are valid challenges to all of Plaintiffs' claims. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion. Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiff's failure to file an opposition as consent to granting Moving Parties' motion. Moreover, as stated above, Plaintiff bears the burden of showing that the exercise of personal jurisdiction is proper, which she has failed to do.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss pursuant to Rule 12(b)(2).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    _____