JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Given [DE 45]**

I.   **INTRODUCTION**

On October 13, 2022, Plaintiff filed an Amended Complaint alleging copyright infringement and unjust enrichment against 10Q LLC, Propelr Music, LLC, Marriani Records, and Antoine Reed.

On December 23, 2022, Defendant 10Q LLC filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's action.

II.   **FACTUAL BACKGROUND**

Plaintiff Taylor D. Pendleton is a freelance artist. Defendant Antoine Reed ("Reed") is a musician and a citizen of Cook County, Illinois. Reed records, writes, and performs his music throughout California. Defendant Marriani Records ("Marianni") is an Illinois music/record label with its principal place in Illinois. Defendant Propelr Music, LLC ("Propelr") is an Illinois music/record label with its principal place of business in Illinois. Defendant 10Q LLC ("10Q") is a California music/record label that is owned and operated by Propelr and has its principal place of business in California. 10Q was formed on October 30, 2019.

On May 31, 2016, Plaintiff shared some of her artwork with Reed on social media, hoping that Reed would request to work with her in the future. On June 15, 2016, Reed contacted Plaintiff and indicated that he wanted Plaintiff to create the cover art for his upcoming mixtape, "Funds and Access." By the end of June 2016, Plaintiff had sent Reed several different drafts for the album cover.

On September 21, 2018, Reed's album "Funds and Access" was released on Spotify.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

On August 31, 2020, Plaintiff saw that Reed's album had been released on several music streaming platforms and that it included one of her designs. Soon thereafter, Plaintiff reached out to Reed regarding the unauthorized use of her artwork. Reed indicated that he released the album in 2018 after it was leaked online earlier that year.

On December 14, 2020, Plaintiff contacted Marianni, Propelr, and 10Q (collectively, "the Label") to notify them of the unauthorized use of Plaintiff's artwork by them and Reed, their client. Plaintiff demanded that the Label, as the ones responsible for commercially distributing the album and displaying Plaintiff's artwork on its social media site, compensate Plaintiff for the unauthorized use of Plaintiff's artwork by them and Reed. Defendants denied Plaintiff's request for compensation.

### III. JUDICIAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee*, 250 F.3d at 688 (internal quotation marks omitted). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id*. (internal quotation marks omitted). Second, under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record." *Id*. (internal quotation marks omitted).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

## IV.  DISCUSSION

10Q contends that the Court should dismiss the Complaint against it for failure to state a claim, as the alleged misconduct predates 10Q's existence and Plaintiff does not specify which defendant caused any particular harm or when they did so.

Based on a review of the Complaint, 10Q's arguments, and applicable law, it appears that at least some, if not all, of the arguments listed above are successful challenges to all of Plaintiff's claims. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion, Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiff's failure to file an opposition as consent to granting 10Q's motion.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** 10Q's Motion to Dismiss pursuant to Rule 12(b)(6).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____