UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | Date | April 18, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:
Not Present                       Not Present

**Proceedings:** **(IN CHAMBERS) Order Re:**
**Motion for Extension of Time [59];**
**Motion for Reconsideration of This Court's January 20, 2023 Orders [DE 60]**

## I.    INTRODUCTION

On October 13, 2022, Plaintiff Taylor D. Pendleton ("Plaintiff") filed an Amended Complaint against 10Q LLC ("10Q"), Propelr Music, LLC ("Propelr"), Marriani Records ("Marianni"), and Antoine Reed ("Reed") (collectively, "Defendants"), alleging copyright infringement, negligence, and unjust enrichment.

On December 23, 2022, 10Q filed a motion to dismiss the claims against it under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that the alleged misconduct predated its formation and that the Amended Complaint was impermissibly vague as to which defendant did what and when. (ECF No. 45.) On the same date, Propelr, Marianni, and Reed filed a motion to dismiss under Rule 12(b)(2), arguing that the Court lacked both general and specific jurisdiction over them. (ECF No. 44.) The Court granted Defendants' motions. In its order, the Court found that, while Defendants' arguments appeared to be valid challenges, the Court deemed Plaintiff's failure to oppose the motions as consent to granting the motions. (ECF Nos. 53, 54.)

On February 2, 2023, Plaintiff filed her first Motion for Extension of Time to File Motion for Reconsideration. On March 2, 2023, the Court granted Plaintiff's motion, permitting Plaintiff until March 7, 2023, to file a motion for reconsideration.

On March 7, 2023, Plaintiff filed a Second Motion for Extension of Time to File Motion for Reconsideration ("Motion for Extension of Time"), and on March 10, 2023, Plaintiff filed the instant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | April 18, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

Motion for Reconsideration. For the following reasons, the Court **GRANTS** the Motion for Extension of Time and **DENIES** the Motion for Reconsideration.

## II.   FACTUAL BACKGROUND

Plaintiff is a freelance artist. Reed is a musician and a citizen of Cook County, Illinois. Marriani is an Illinois music/record label with its principal place in Illinois. Propelr is an Illinois music/record label with its principal place of business in Illinois. 10Q is a California music/record label that is owned and operated by Propelr and has its principal place of business in California. 10Q was formed on October 30, 2019.

On May 31, 2016, Plaintiff shared some of her artworks with Reed on social media, hoping that Reed would request to work with her in the future. On June 15, 2016, Reed contacted Plaintiff and indicated that he wanted Plaintiff to create the cover art for his upcoming mixtape, "Funds and Access." By the end of June 2016, Plaintiff had sent Reed several different drafts for the album cover.

On September 21, 2018, Reed's album "Funds and Access" was released on Spotify.

On August 31, 2020, Plaintiff saw that Reed's album had been released on several music streaming platforms and that it included one of her designs. Soon thereafter, Plaintiff reached out to Reed regarding the unauthorized use of her artwork.

On December 14, 2020, Plaintiff contacted Marianni, Propelr, and 10Q (collectively, the "Label") to notify them of the unauthorized use of Plaintiff's artwork by them and Reed, their client. Plaintiff demanded that the Label, as the ones responsible for commercially distributing the album and displaying Plaintiff's artwork on its social media site, compensate Plaintiff for the unauthorized use of Plaintiff's artwork. Defendants denied Plaintiff's request for compensation.

## III.   JUDICIAL STANDARD

### A.   Motion for Extension of Time

"When an act may or must be done within a specified time, the court may for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

### B.   Motion for Reconsideration

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b). *Sch. Dist. No. 1J Mutnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Whether or not to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04806-RGK-PVC | Date | April 18, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Further, Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

A court should grant a motion for reconsideration only in highly unusual circumstances. *C.W. v. Asuncion*, 2020 WL 4873565, at *1 (C.D. Cal. June 29, 2020) (quoting *Marlyn Neutraceuticals, Inc. v. Mucoas Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

## IV.   DISCUSSION

In her Motion for Extension of Time, Plaintiff requests that the Court grant a three-day extension for her Motion for Reconsideration. In her Motion for Reconsideration, Plaintiff requests that the Court reconsider its orders regarding dismissal, or in the alternative, grant Plaintiff leave to amend the Amended Complaint. The Court addresses each in turn.

### A.   Motion for Extension of Time

In its Motion for Extension of Time, Plaintiff argues that her failure to timely file the Motion for Reconsideration was due to good cause. Court records show that Plaintiff has already twice failed to comply with deadlines. After reviewing Plaintiff's most recent explanations, the Court is unconvinced that sufficient good cause exists. However, in its discretion, the Court will allow this second extension of time, with the admonishment that going forward, no such leniency will be further given. The Court **GRANTS** Plaintiff's Motion for Extension of Time and deems Plaintiff's Motion for Reconsideration timely filed. Accordingly, the Court addresses Plaintiff's Motion for Reconsideration.

### B.   Motion for Reconsideration

Plaintiff argues that the Court should reconsider its dismissal orders because the Court failed to consider the material facts in the Amended Complaint, which demonstrate that Plaintiff stated plausible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04806-RGK-PVC | Date | April 18, 2023 |
|---|---|---|---|
| Title | *Pendleton v. 10Q LLC et al* | | |

claims against 10Q and that the Court could exercise jurisdiction over Defendants. Plaintiff's argument is flawed for two reasons. First, the Court already considered the facts presented in the Amended Complaint. (*See* Order Re: Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction, ECF No. 53; Order Re: Defs.' Mot. to Dismiss for Failure to State a Claim, ECF No. 54.) None of those facts, on their own, were sufficient to withstand Defendants' challenges, particularly in light of Plaintiff's failure to oppose the motions. Therefore, Plaintiff's recitation of the facts from the Amended Complaint does not qualify as "a manifest showing of a failure to consider material facts." C.D. Cal. L.R. 7-18. Second, disagreeing with the Court's application of law to facts does not qualify as a "manifest showing of a failure to consider material facts." *See Flores v. Lynch*, 212 F. Supp. 3d 907, 911 (C.D. Cal. 2015), *rev'd in part on other grounds*, 828 F.3d 898 (9th Cir. 2016). Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.[1]

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion for Extension of Time [59] and **DENIES** the Motion for Reconsideration [60].

**IT IS SO ORDERED.**

|   | : |   |
|---|---|---|
| Initials of Preparer | | JRE/vc |

---

[1] The Court notes that Plaintiff seeks leave to amend as an alternative to reconsideration. However, her request was not fully briefed, and it is unclear whether Defendants received sufficient notice of it. Therefore, if Plaintiff seeks leave to amend, she must do so by way of a separate motion.